No. 22-10077

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

U.S. NAVY SEALS 1-26; U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5; U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1; U.S. NAVY DIVERS 1-3,
*Plaintiffs-Appellees*,

v.

JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America; LLOYD AUSTIN, SECRETARY, U.S. DEPARTMENT OF DEFENSE, Individually and in his Official Capacity as United States Secretary of Defense; UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO, Individually and in his Official Capacity as United States Secretary of the Navy,
*Defendants-Appellants*.

## DEFENDANTS-APPELLANTS' OPPOSITION TO MOTION TO CONSOLIDATE APPEALS

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

CHAD E. MEACHAM
  *United States Attorney*

SARAH E. HARRINGTON
  *Deputy Assistant Attorney General*

MARLEIGH D. DOVER
CHARLES W. SCARBOROUGH
LOWELL V. STURGILL JR.
CASEN B. ROSS
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3427*

Plaintiffs-appellees move to consolidate two cases before this Court. One is an appeal of a preliminary injunction as to 35 individual Navy service members (No. 22-10077). The other is an appeal of a class-certification ruling and class-wide preliminary injunction covering certain Navy service members who have requested religious exemptions from the military's COVID-19 vaccination requirement (No. 22-10534).

The motion should be denied. These two appeals will present completely different issues, and the entry of a new, broader preliminary injunction should not delay the government's pursuit of relief from the first preliminary injunction.

## STATEMENT

**1.** On August 24, 2021, the Secretary of Defense directed the military departments to ensure that all service members are fully vaccinated against COVID-19. ROA.1591-92. Shortly thereafter, the Navy issued guidance implementing the Secretary's directive. ROA.1662, ROA.1670-86. As with other vaccination requirements, service members may seek medical or religious exemptions and may administratively appeal the denial of a religious exemption request. ROA.1889; ROA.1895.

**2.** Thirty-five members of the Navy's Special Warfare community challenged the COVID-19 vaccination requirement and the Navy policies implementing it. They moved for a preliminary injunction on the basis of their Religious Freedom Restoration Act and First Amendment claims. Dkt. 15. On January 3, 2022, the district court pre-

liminarily enjoined the enforcement of the requirement as to the 35 plaintiffs, forbidding the government from "taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation." Dkt. 66, at 26.

The government appealed and sought a partial stay pending appeal. Dkts. 82, 85. On March 25, the Supreme Court stayed the preliminary injunction "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022).

The government filed its opening brief on March 28. On April 14, plaintiffs received (over the government's opposition) a 44-day extension, to June 10, of the deadline for their response brief. Under the current schedule, the appeal would be fully briefed on July 1.

**3.** Meanwhile, plaintiffs moved to certify a class of all Navy service members who had requested a religious exemption from the COVID-19 vaccination requirement and sought a class-wide preliminary injunction. ECF Nos. 89, 104. On March 28, the district court granted in part plaintiffs' motion for class certification and granted plaintiffs' motion for a class-wide preliminary injunction. Dkt. 140. The district court stayed its class-wide preliminary injunction "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." *Id.* at 1 (quoting *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022)). The government filed a notice of appeal on May 27. Dkt. 159.

# ARGUMENT

The motion to consolidate the two pending appeals should be denied for several reasons. First, the appeals will raise completely different issues. Second, plaintiffs' motion would further delay resolution of the government's first appeal. Finally, the briefing format that plaintiffs propose would be inefficient and impractical.

1. The first appeal concerns the merits of the preliminary injunction that the district court issued as to 35 individual plaintiffs, including the threshold jurisdictional question whether plaintiffs' claims are justiciable under *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971). In the second appeal, by contrast, the government plans to raise entirely separate class-certification issues, which are not presented in the first appeal.

Plaintiffs attempt to minimize the differences between the two appeals by observing, at a high level of generality, that they "arise from the same case and the same underlying facts" and "involve[] the question whether Plaintiffs-Appellees are likely to succeed in their [religious discrimination] claims." Mot. 2. But the specifics of the appeals are entirely different. The district court's class-wide preliminary injunction ruling, which the government plans to put at issue in the second appeal, turned on the court's class-certification analysis, *see* Dkt. 140 at 5-18 (addressing class certification). That analysis, completely irrelevant to the first appeal, will be the focus of the second appeal. Contrary to plaintiffs' assertion (Mot. 1 n.1), class certification may properly be reviewed on appeal from a preliminary injunction. *See Payne v. Travenol Laboratories, Inc.*, 673 F.2d 798 (5th Cir. 1982); *Melendres v. Arpaio*, 695 F.3d 990, 999 (9th Cir. 2012).

Because the two appeals will focus on different issues, consolidation would not promote efficiency or otherwise assist the parties or the Court. To the extent the two appeals involve some overlapping merits issues, moreover, the resolution of the merits questions in the first appeal will control in the second appeal. The overlap of issues is therefore not a reason the first appeal must be resolved together with the second appeal. Indeed, the fact that both injunctions rest on the same erroneous merits determination weighs against consolidation. The district court's compounding of its original error by broadening the injunction should not delay the government's ability to pursue relief in its first appeal.

**2.** Consolidating the two appeals could substantially delay the resolution of the first one, filed months ago and already partially briefed (including in stay litigation before the Supreme Court). And by delaying the resolution of the first appeal, plaintiffs would effectively extend the duration of the district court's improper preliminary injunction, which has not been fully stayed.

The government's opening brief in the first appeal has been on file for more than two months. Plaintiffs have already obtained, over the government's objection, a 44-day extension on their response brief, which is currently due June 10. By moving to consolidate the two appeals just nine days before their brief in the first appeal is due, plaintiffs would threaten to further delay the resolution of the first appeal. Whereas that appeal would be fully briefed by July 1 under the current schedule, plaintiffs' new proposal (Mot. 2) would require the briefing to start from scratch, with the government

4

filing a new opening brief 40 days after the second appeal is docketed. Even assuming plaintiffs sought no extensions of time beyond their proposed schedule, briefing would not be complete under that schedule until September at the earliest.

The Court should reject plaintiffs' request. The Supreme Court has already recognized that the first appeal implicates weighty military and national security interests. *See Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022) (granting partial stay); *see also id.* (Kavanaugh, J., concurring). And the preliminary injunction challenged in the first appeal is causing ongoing harm to the Navy even after the Supreme Court's partial stay. Under that injunction, the Navy cannot implement discipline or separation consistent with ordinary military processes against any of the individual plaintiffs. That undermines good order and discipline and, by extension, military readiness. *See, e.g.*, ROA.1907-08; *see also Orloff v. Willoughby*, 345 U.S. 83, 95 (1953). The unnecessary delay that plaintiffs seek would thus severely prejudice the government.

**3.** Plaintiffs' proposed briefing framework is also unworkable and further counsels against consolidation. Plaintiffs propose that the government "file a supplemental initial brief for both appeals." Mot. 2. They appear to suggest that the government should file a new opening brief that addresses both the first and second preliminary injunctions (even though the government has already filed a brief addressing the first injunction). Aside from wasting government resources, that plan would offer no

efficiency for this Court, because a brief addressing two appeals presenting almost completely distinct issues would need to be considerably longer than ordinary—26,000 words, twice the ordinary limit—to accommodate a thorough presentation of the issues.

**4.** The Court should therefore deny the motion to consolidate the two appeals and direct plaintiffs to file their response brief in the first appeal on the current schedule. If, however, the Court is inclined to consider the two appeals together, it should nevertheless reject plaintiffs' proposal for consolidated briefing. Rather, the Court should set a briefing schedule without extensions for the second appeal—with the government's brief due 40 days from the Court's order, the response brief due 30 days after that, and the reply brief due 21 days later—and should set both appeals for argument at the earliest possible date after briefing of the second appeal. And the Court should reject any requests by plaintiffs for further extensions of time to file their brief in the first appeal, which is currently due on June 10. That approach would allow the two appeals to be considered in tandem but avoid a needless delay in the resolution of the first appeal.

## CONCLUSION

The motion to consolidate should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

CHAD E. MEACHAM
*United States Attorney*

SARAH E. HARRINGTON
*Deputy Assistant Attorney General*

MARLEIGH D. DOVER
CHARLES W. SCARBOROUGH

*/s/ Lowell V. Sturgill Jr.*
LOWELL V. STURGILL JR.
CASEN B. ROSS
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3427*
*lowell.sturgill@usdoj.gov*

JUNE 2022

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

*/s/ Lowell V. Sturgill Jr.*
LOWELL V. STURGILL JR.

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d) because it contains 1,417 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

                                            */s/ Lowell V. Sturgill Jr.*
                                            LOWELL V. STURGILL JR.