No. 22-10077

# In the United States Court of Appeals for the Fifth Circuit

───────

U.S. Navy SEALs 1-26; U.S. Navy Special Warfare Combatant Craft Crewmen 1-5; U.S. Navy Explosive Ordnance Disposal Technician 1; U.S. Navy Divers 1-3,
*Plaintiffs-Appellees*,

*v.*

Joseph R. Biden, Jr., in his official capacity as President of the United States of America; Lloyd Austin, Secretary, U.S. Department of Defense, individually and in his official capacity as United States Secretary of Defense; United States Department of Defense; Carlos Del Toro, individually and in his official capacity as United States Secretary of the Navy,
*Defendants-Appellants.*

───────

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
No. 4:21-cv-01236

───────

**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE APPEALS**

───────

Kelly J. Shackleford
Jeffrey C. Mateer
Hiram S. Sasser, III
David J. Hacker
Michael D. Berry
Justin Butterfield
Jordan E. Pratt
Danielle A. Runyan
Holly M. Randall
First Liberty Institute
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
(972) 941-4444 (phone)

Heather Gebelin Hacker
Andrew B. Stephens
Hacker Stephens LLP
108 Wild Basin Road South
Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com

*Counsel for Plaintiffs-Appellees*

The Navy claims that the pending appeals in this case and case number 22-10534 should not be consolidated for three reasons: (1) they involve "completely different issues;" (2) it would delay resolution of the issues; and (3) the briefing format would be inefficient and impractical. Resp. at 3. All three contentions are false.

**I.** Contrary to the Navy's unsupported claim, the classwide preliminary injunction order did not "turn[] on the court's class-certification analysis." Resp. at 3. The class-certification analysis and preliminary injunction analysis were separate parts of the same order. But the classwide preliminary injunction analysis was heavily dependent on the district court's first injunction order. It is easy to see why. Once a class is certified, whether relief is appropriate turns on the individual claims of the named plaintiffs. And in this case, the district court already determined that the class representatives were individually entitled to preliminary injunctive relief. Thus, the district court's injunction analysis echoes its previous analysis from the first injunction order. *Compare* Order on Mots. for Class Cert. and Class-Wide Prelim. Inj. 18-27, *U.S. Navy SEALs 1-26 v. Austin*, No. 4:21-cv-01236-O (ECF 140) *with U.S. Navy SEALs 1-26 v. Biden*, No. 4:21-CV-01236-O, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022). If anything, the district court noted that *additional* evidence supported its previous preliminary injunction ruling. *See* ECF 140 at 19.

The briefing also supports this. Plaintiffs' brief in support of their motion for classwide preliminary injunction was only a few pages long and referred to its previous briefing and the district court's first preliminary injunction order. *See* Br. Supp. Mot. for Classwide Prelim. Inj., *U.S. Navy SEALs 1-26* (ECF 105). The Navy's brief opposing the classwide injunction raised the same issues it raised before, including

justiciability. *See* Opp. to Mot. for Class-Wide Prelim. Inj., *U.S. Navy SEALs 1-26* (ECF 129); *see also generally* Reply Supp. Mot. for Classwide Prelim. Inj., *U.S. Navy SEALs 1-26* (ECF 133). The district court noted multiple times that the Navy repeated previous arguments. *See* ECF 140 at 18, 23. Thus, even if the class-certification issue were properly before Court, it would simply add an additional issue to the consolidated appeal. The analysis in the preliminary injunction orders overlap. It makes no sense to proceed separately with two preliminary injunction appeals with similar analysis, the only difference being that the second appeal involves another issue.

But class-certification orders are interlocutory orders not immediately appealable under the collateral order doctrine, *see Coopers & Lybrand v. Livesay,* 437 U.S. 463 (1978), nor explicitly under 28 U.S.C. § 1292 like preliminary injunctions. And as Plaintiffs-Appellees previously noted, the Navy did not petition for permission to appeal the class-certification decision as required by Federal Rule of Civil Procedure 23(f). Rule 23(f) authorizes "permissive interlocutory appeal" from adverse class-certification orders in "the sole discretion of the court of appeals." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1704 (2017) (citation omitted). The pre-Rule 23(f) case cited by the Navy does not stand for the proposition that 23(f) is irrelevant when there is also a preliminary injunction appeal. Resp. at 3 (citing *Payne v. Travenol Labs., Inc.*, 673 F.2d 798 (5th Cir. 1982)).[1] Rather, in the class-action context, without

---

[1] Rule 23(f) was approved in 1998. *See Microsoft*, 137 S. Ct. at 1704.

permission under Rule 23(f), pendant jurisdiction is proper only if "questions concerning class certification . . . are directly tied to the . . . injunction." *Payne*, 673 F.2d at 808–09; *see also Pashby v. Delia*, 709 F.3d 307, 318 (4th Cir. 2013) (collecting cases).

The Fifth Circuit holds that "[p]endant appellate jurisdiction is only proper in . . . rare and unique circumstances where a final appealable order is 'inextricably intertwined' with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order." *Hernandez v. Terrones*, 963 F. App'x 954, 963 (5th Cir. 2010) (quoting *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998)); *see also Escobar v. Montee*, 895 F.3d 387, 392 (5th Cir. 2018) (discussing factors considered in exercising pendant jurisdiction). Even if the issues are related, or the determination of one will make another superfluous, that does not mean they are "intertwined" enough to justify pendant appellate jurisdiction. *See Hernandez*, 397 F. App'x at 963 (holding, consistent with circuit precedent, that a statute of limitations defense is not "inextricably intertwined" with the denial of qualified immunity and finding no jurisdiction over that issue).

Here, the class-certification issue is not "inextricably intertwined" with the classwide preliminary-injunction analysis just because they happened to be separate parts of the same order. The classwide preliminary injunction analysis relied on the district court's previous preliminary injunction analysis, not its class-certification analysis. And the district court granted a classwide preliminary injunction for the same reasons it granted a preliminary injunction to the individual plaintiffs. Thus,

3

"because the class certification question is distinct from the preliminary injunction, the issue is not properly before [the Court]." *Pashby*, 709 F.3d at 319.

In any event, the Navy has no *right* to appeal the class-certification order now. If the Navy wishes to press that issue on interlocutory appeal, this Court would determine whether this is a "rare and unique circumstance[]" warranting pendant jurisdiction despite the Navy's failure to petition for permission under Rule 23(f). *Thornton*, 136 F.3d at 453. But that yet-to-be-determined issue cannot prevent consolidation of the two preliminary injunction appeals, over which jurisdiction is indisputably proper, *now*. *See* 18 U.S.C. § 1292(a).

II.    The Navy claims that it will be prejudiced by the delay caused by consolidating the cases because the "duration of the district court's improper preliminary injunction" would be "effectively extend[ed]" as it is "not been fully stayed." Resp. at 4. Yet this state of affairs is entirely due to the Navy's own choices to (1) delay for weeks in requesting a stay of the first injunction; (2) only request a partial stay in the first place; (3) and to take a full 60 days to appeal the second injunction, even though it was well aware that Plaintiffs-Appellees would move to consolidate the appeals as soon as the second injunction order was appealed and that this Court granted an extension for the response brief to permit consideration of this very issue.

III.    The Navy also claims that it would be inefficient to consolidate the appeals, arguing that "[t]o the extent the two appeals involve some overlapping merits issues . . . the resolution of the merits questions in the first appeal will control in the second appeal." Resp. at 4. That is essentially a concession that the appeals should be consolidated. Regardless, the appeals are already close enough together that the Court

is unlikely to decide the first appeal before briefing starts in the second appeal, so the Court's resolution of the first appeal could render portions of the briefing in the second appeal superfluous, moot, or incorrect, and the second appeal would likely have to be rebriefed or reargued in the light of the first appeal. That would hardly be efficient.

The Navy also complains that Plaintiffs-Appellees' proposed briefing schedule is inefficient and impractical. The Navy chose not to provide input on Plaintiffs-Appellees' proposal when asked in conference. But the proposal does not require the Navy to file two briefs from scratch—it could simply file a supplemental brief covering any issues it claims are not raised in the first appeal and thus not included in its first brief. Then Plaintiffs-Appellees could file one response brief addressing all the Navy's arguments rather than two completely separate briefs. Plaintiffs-Appellees' proposal will result in less briefing than if the two cases were permitted to proceed on separate tracks, as the Navy desires. That means less work and more efficiency for everyone involved, including the Court. And to address the Navy's complaints about delay, Plaintiffs-Appellees agree that if the proposed briefing schedule is entered, no further extensions will be requested.

## Conclusion

For the foregoing reasons, the Court should grant the Motion and consolidate this case with case number 22-10534.

                                                Respectfully submitted.

| | |
|---|---|
| | /s/Heather Gebelin Hacker |
| Kelly J. Shackleford | Heather Gebelin Hacker |
| Jeffrey C. Mateer | Andrew B. Stephens |
| Hiram S. Sasser, III | HACKER STEPHENS LLP |
| David J. Hacker | 108 Wild Basin Road South |
| Michael D. Berry | Suite 250 |
| Justin Butterfield | Austin, Texas 78746 |
| Jordan E. Pratt | Tel: (512) 399-3022 |
| Danielle A. Runyan | heather@hackerstephens.com |
| Holly M. Randall | |
| FIRST LIBERTY INSTITUTE | *Counsel for Plaintiffs-Appellees* |
| 2001 W. Plano Pkwy., Ste. 1600 | |
| Plano, Texas 75075 | |
| Tel: (972) 941-4444 | |

## Certificate of Service

On June 6, 2022, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1342 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the program used for the word count).

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
