# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

NAVY SEALS 1-26, et al.,

    Plaintiffs-Appellees,

v.

JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, et al.,

    Defendants-Appellants.

Nos. 22-10077,
22-10534

## MOTION TO HOLD APPEAL IN ABEYANCE

The federal government respectfully requests that these appeals be held in abeyance, and the forthcoming oral argument removed from the calendar, in light of the enactment of Section 525 of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (FY23 NDAA). Plaintiffs oppose this motion.

1.    Plaintiffs, service members in the Navy, sought individual religious exemptions from the military's COVID-19 vaccination requirement. After those requests were denied, plaintiffs filed suit, challenging the vaccination requirement on their own behalf and on behalf of all other similarly situated Navy service members. The district court granted their motion for a preliminary injunction, barring the Navy from taking adverse action against them based on their failure to comply with the vaccination requirement, *U.S. Navy SEALs 1-26 v. Biden*, 578 F. Supp. 3d 822 (N.D. Tex. 2022). And the district court subsequently certified a class of all Navy service members who had

requested a religious exemption from the vaccination requirement, granting plaintiffs' motion for a class-wide preliminary injunction, which enjoined the Navy from taking adverse action against any of those service members, *U.S. Navy SEALs 1-26 v. Austin*, 594 F. Supp. 3d 767 (N.D. Tex. 2022). The government appealed both rulings. This Court consolidated those appeals and has scheduled argument for February 6, 2023.

    **2.**    On December 23, 2022, the President signed the FY23 NDAA, Section 525 of which states: "Not later than 30 days after the date of the enactment of this Act, the Secretary of Defense shall rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021, regarding 'Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members.'"

    **3.**    Once the Secretary of Defense takes the action required by Section 525, these appeals will likely become moot, regardless of whether there may remain any live issues in the underlying litigation. At the least, the resolution of any contested question of mootness would likely benefit from supplemental submissions to the Court once the Secretary of Defense has taken action in response to Section 525. The current argument date, however, is set just outside the 30-day period that Congress allowed for that action. At that point, any issues of mootness may not have crystallized for this Court's review.

4.      The government accordingly requests that this appeal be held in abeyance, and the oral argument removed from the February 6 calendar, pending the Secretary's action in response to Section 525.

Respectfully submitted,

CHARLES W. SCARBOROUGH
LOWELL V. STURGILL JR.

/s/ *Casen B. Ross*
CASEN B. ROSS
DANIEL WINIK
SARAH J. CLARK
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7270*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  (202) 514-1923

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 417 words, according to Microsoft Word.

/s/ *Casen B. Ross*
CASEN B. ROSS