No. 22-10077 consolidated with No. 22-10534

# In the United States Court of Appeals for the Fifth Circuit

U.S. Navy SEALs 1-26; U.S. Navy Special Warfare Combatant Craft Crewmen 1-5; U.S. Navy Explosive Ordnance Disposal Technician 1; U.S. Navy Divers 1-3,

*Plaintiffs-Appellees*,

*v.*

Joseph R. Biden, Jr., in his official capacity as President of the United States of America; Lloyd Austin, Secretary, U.S. Department of Defense, individually and in his official capacity as United States Secretary of Defense; United States Department of Defense; Carlos Del Toro, individually and in his official capacity as United States Secretary of the Navy,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
No. 4:21-cv-01236

## RESPONSE TO MOTION TO HOLD APPEAL IN ABEYANCE

Kelly J. Shackelford
Jeffrey C. Mateer
Hiram S. Sasser, III
David J. Hacker
Michael D. Berry
Justin Butterfield
Jordan E. Pratt
Danielle A. Runyan
Holly M. Randall
First Liberty Institute
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444

Heather Gebelin Hacker
Andrew B. Stephens
Hacker Stephens LLP
108 Wild Basin Road South
Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com

*Counsel for Plaintiffs-Appellees*

There is no reason to abate the appeal or remove the argument from the calendar, as the Court already implicitly recognized in its January 3 Order carrying the motion with the case. Regardless, the sole basis for the Defendant-Appellants' Motion to Hold Appeal in Abeyance has now been negated. Thus, Plaintiffs-Appellees respectfully request that the Court deny the Motion.

1. The sole basis for Defendants-Appellants' motion was that the Secretary of Defense had not yet implemented the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (FY23 NDAA). *See* Mot. to Hold Appeal in Abeyance at 3 ("The government accordingly requests that this appeal be held in abeyance, and the oral argument removed from the February 6 calendar, pending the Secretary's action in response to Section 525.").

2. The Secretary has now implemented that statute. On January 10, 2023, the Secretary issued a Memorandum rescinding the vaccine mandate in compliance with the FY23 NDAA.[1] The Memorandum states that no individuals serving in the Armed Forces may be separated solely because of their refusal to take the COVID-19 vaccine and orders that any adverse actions associated with any denials of religious accommodation requests be removed from such individuals' records.[2] But the Memorandum goes on to state that vaccination status may still be considered "in

---

[1] Secretary of Defense, Memorandum, "Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces" (Jan. 10, 2023), https://media.defense.gov/2023/Jan/10/2003143118/-1/-1/1/SECRETARY-OF-DEFENSE-MEMO-ON-RESCISSION-OF-CORONAVIRUS-DISEASE-2019-VACCINATION-REQUIREMENTS-FOR-MEMBERS-OF-THE-ARMED-FORCES.PDF.

[2] *Id.*

making deployment, assignment, and other operational decisions."[3] The Navy also issued guidance on January 11.[4]

3. As suggested by Defendants-Appellants in their Motion, *see* Mot. at 2, on January 4, the Court ordered the parties to file supplemental letter briefs addressing the issue of mootness. Thus, Plaintiffs-Appellees will address the above Memorandum and guidance and the issue of mootness in their supplemental brief to be filed on January 27, 2023.

---

[3] *Id.* at 2.
[4] NAVADMIN 005/23, "REMOVAL OF COVID-19 VACCINATION MANDATE" (Jan. 11, 2023), https://www.mynavyhr.navy.mil/Portals/55/Messages/NAVADMIN/NAV2023/NAV23005.txt?ver=a3G5K2LQwybusE7ETK7uLQ%3d%3d.

## Conclusion

For the foregoing reasons, Plaintiffs-Appellees respectfully request that the Court deny the Motion to Hold Appeal in Abeyance.

Respectfully submitted.

/s/ Heather Gebelin Hacker

| | |
|---|---|
| Kelly J. Shackelford | Heather Gebelin Hacker |
| Jeffrey C. Mateer | Andrew B. Stephens |
| Hiram S. Sasser, III | HACKER STEPHENS LLP |
| David J. Hacker | 108 Wild Basin Road South |
| Michael D. Berry | Suite 250 |
| Justin Butterfield | Austin, Texas 78746 |
| Jordan E. Pratt | (512) 399-3022 (phone) |
| Danielle A. Runyan | heather@hackerstephens.com |
| Holly M. Randall | |
| FIRST LIBERTY INSTITUTE | *Counsel for Plaintiffs-Appellees* |
| 2001 W. Plano Pkwy., Ste. 1600 | |
| Plano, Texas 75075 | |
| Tel: (972) 941-4444 | |

## Certificate of Service

On January 13, 2023, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; and (2) the electronic submission is an exact copy of any paper document in compliance with Fifth Circuit Rule 25.2.1.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER

## Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 349 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the program used for the word count).

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
