**HACKERSTEPHENS**LLP

HEATHER GEBELIN HACKER  (512) 399-3022
Partner  Heather@HackerStephens.com

January 27, 2023

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

**Via ECF**

Re:   *U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534

Dear Mr. Cayce,

      In response to this Court's January 4, 2022 order, Plaintiffs-Appellees U.S. Navy SEALs 1-26, SWCCs 1-5, EOD 1, Divers 1-3, and the Navy Class ("Plaintiffs") submit the following Supplemental Letter Brief regarding the issue of mootness. The passage of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263 (FY23 NDAA)[1] does not moot this case. Relief from this Court remains necessary to ensure Defendants-Appellants do not continue to punish Plaintiffs and discriminate against them because of their sincerely held religious beliefs. Defendants' actions taken in response to the FY23 NDAA, including a January 10, 2023 Memorandum issued by the Secretary of Defense and guidance issued by the Navy, leave the door open to continued discrimination and the application of a de facto mandate that treats Plaintiffs like second-class citizens because of their religious beliefs. The Navy has also not rescinded other challenged guidance that Defendants are currently preliminarily enjoined from enforcing against Plaintiffs. And voluntary cessation of challenged conduct, even by the government, does not deprive this Court of the power to determine its legality. Even if it could be said that the case were moot, the harm to Plaintiffs would at minimum be capable of repetition, yet would evade review. For the reasons stated below, the Court should decide the merits of Defendants' appeals of the preliminary injunctions issued by the district court.

---

[1] *Available at* https://www.congress.gov/bill/117th-congress/house-bill/7776/text.

*U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534
Appellees' Supplemental Letter Brief
Page 2

### I. The FY23 NDAA Does Not Moot This Case.

Article III of the Constitution grants courts the authority to adjudicate "Cases" and "Controversies." An "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Here, a live controversy still exists, and Plaintiffs have a significant interest in obtaining relief from this Court to ensure that Defendants comply with their obligations under RFRA and the First Amendment.

On December 23, 2022, the President signed the FY23 NDAA, which requires Secretary of Defense and Defendant Lloyd Austin to rescind the COVID-19 vaccine mandate for all branches of the Armed Forces within 30 days. *See* FY23 NDAA § 525. But beyond the broad command for the Secretary to rescind the mandate, the FY23 NDAA provides no details as to how the Secretary must implement this law. On January 10, 2023, the Secretary issued a Memorandum rescinding the vaccine mandate.[2] The Memorandum states that no individuals serving in the Armed Forces may be separated solely because of their refusal to take the COVID-19 vaccine and orders that any adverse actions associated with any denials of religious accommodation requests be removed from such individuals' records. Memorandum at 1. However, the Memorandum goes on to state that vaccination status may still be considered "in making deployment, assignment, and other operational decisions." *Id.* at 2.

Since the issuance of the Memorandum, the Navy issued its own guidance in NAVADMIN 005/23, which rescinds the Navy mandate and discontinues all separation proceedings for servicemembers who refused to take the COVID-19 vaccine. NAVADMIN 005/23, "REMOVAL OF COVID-19 VACCINATION MANDATE" (Jan. 11, 2023).[3] But, significantly, the guidance only suspends "new adverse administrative actions"—which the Navy defines very narrowly—without any reference to how previous ongoing adverse actions—as defined by the district court and prohibited by the preliminary injunction—will be addressed. *Id*; *see also* ROA 22-10077.2865–66 (arguing various adverse actions were "risk-mitigation measures" and are not considered to be "adverse actions" by the Navy). NAVADMIN 005/23 also admits that the Navy has yet to

---

[2] Secretary of Defense, Memorandum, "Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces" (Jan. 10, 2023), https://media.defense.gov/2023/Jan/10/2003143118/-1/-1/1/SECRETARY-OF-DEFENSE-MEMO-ON-RESCISSION-OF-CORONAVIRUS-DISEASE-2019-VACCINATION-REQUIREMENTS-FOR-MEMBERS-OF-THE-ARMED-FORCES.PDF.

[3] Available at https://www.mynavyhr.navy.mil/Portals/55/Messages/NAVADMIN/NAV2023/NAV23005.txt?ver=a3G5K2LQwybusE7ETK7uLQ%3d%3d.

*U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534
Appellees' Supplemental Letter Brief
Page 3

determine how to handle the fallout from its illegal vaccine mandate and states that "[u]pdated operational guidance will be promulgated in a follow-on standard operational guidance serial," and "[a]dditional detailed guidance regarding implementation of this policy will be promulgated via future NAVADMIN." *Id.* Nor does NAVADMIN 005/23 rescind other pre-NDAA directives related to the implementation of the mandate and the treatment of unvaccinated sailors and those who submitted religious accommodation requests, including Navy guidance explicitly enjoined by the district court. *See, e.g.,* Appellees' Br. 8-9, 13-14, 17-18; ROA.22-10077.415-16, 1091, 1676-83, 2419.

On their face, the Memorandum and the Navy's guidance only apply prospectively to future Navy servicemembers and make no reference to relieving Plaintiffs from ongoing harms they continue to suffer beyond stating that what *the Navy* terms "adverse actions" will be removed from a servicemember's record. In fact, NAVADMIN 005/23's reference solely to "new" adverse actions suggests Defendants do not intend to take any actions to cure ongoing harms. It is also unclear that Defendants will not continue to apply previously enjoined guidance—such as NAVADMIN 225/21—to sailors who did not comply with the mandate due to their sincerely held religious beliefs absent viability of the preliminary injunction. The Memorandum further demonstrates Defendants' intent to continue discrimination against servicemembers based on their religious beliefs because it authorizes Navy commanders to consider vaccination status "in making deployment, assignment, and other operational decisions," thereby enabling continued enforcement of a de facto mandate, resulting in discrimination against Plaintiffs as long as it is done under the auspices of one of these classifications of decisions. Memorandum at 2. Yet despite the continued requirement of the vaccine in some circumstances, the Secretary ordered Defendant Del Toro to no longer even consider requests for religious accommodation related to the COVID-19 vaccination. Memorandum at 1 ("The Secretaries of the Military Departments will further cease any ongoing reviews of current Service member religious, administrative, or medical accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials of such requests."). Thus, Plaintiffs still "suffer[] irreparable harm from being coerced into 'a choice between their job(s) and their jab(s),'" *Sambrano v. United Airlines*, No. 21-11159, 2022 WL 486610, at *8 (5th Cir. Feb. 17, 2022) (quoting *BST Holdings*, 17 F.4th at 618), "or 'between their beliefs and their benefits,'" *id.* (quoting *Sambrano v. United Airlines*, 19 F.4th 839, 841 (5th Cir. 2021) (mem. op.) (Ho, J. dissenting).

Simply because the Navy will not continue to formally punish Plaintiffs by issuing adverse administrative and discharge paperwork to the Plaintiffs for seeking religious accommodations from the vaccine mandate does not account for the "deployment, assignment, and other operational decisions" that have been and will continue to be intentionally made based on vaccination status despite Plaintiffs' sincerely held religious beliefs. In fact, Defendant Del Toro

*U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534
Appellees' Supplemental Letter Brief
Page 4

explicitly admitted as much in response to the FY23 NDAA: " '[U]nquestionably it'll create almost two classes of citizens in our services,' Del Toro said. 'Those that can't deploy and those that can deploy. And that creates all sorts of problems.' "[4] Thus, absent continuing injunctive relief while the Navy implements the rescission of the mandate, Plaintiffs will suffer irreparable harm because they seek accommodation of their religious beliefs.

Indeed, there is already significant evidence that Defendants intend to continue taking punitive actions against Plaintiffs based on their religious objections to the COVID-19 vaccine, including unnecessarily restricting travel necessary for their jobs, demanding repayment of educational expenses and previously awarded and rightfully earned bonuses, and refusing to allow participation in meaningful training opportunities and operational assignments.[5] All of these actions are required or allowed by Navy guidance that still appears to apply. Ultimately, that will lead to Plaintiffs being unable to promote into or undertake new positions that are commensurate with their time in grade, rank, and training, and will achieve the intended result of these servicemembers being involuntarily separated from service notwithstanding the formal repeal of the mandate. In other words, if Plaintiffs cannot perform their duties as they could prior to the implementation of the COVID-19 vaccination mandate, their careers will soon be over. Years of sacrifice, deployments away from family, moving cross country for new duty assignments, and risks to their personal safety will be erased by the Navy's continued punishment of unvaccinated sailors and discrimination against their sincerely held religious beliefs. The Navy's shoddy and discriminatory treatment of religious objectors to the COVID-19 vaccination already forced some sailors to leave service. *See* Appellees' Br. 73-75. Because the Navy has no intention of restoring Plaintiffs back to their pre-mandate statuses, as Defendant Del Toro confirmed, they will continue to be treated as second-class citizens despite the rescission of the COVID-19 vaccination mandate in violation of RFRA and the First Amendment.[6] In addition to their actions and guidance indicating continued intent to discriminate against Plaintiffs, Defendants have also unequivocally expressed their disdain for Congress's actions taken in the FY23 NDAA requiring the Secretary

---

[4] Heather Mongilio, *Pentagon Unclear How Military Would Manage End of Mandatory COVID-19 Vaccines*, USNI News (Dec. 7, 2022), https://news.usni.org/2022/12/07/pentagon-unclear-how-military-would-handle-end-of-mandatory-covid-19-vaccines.

[5] Plaintiffs-Appellants have declarations from multiple class members that demonstrate the kinds of adverse actions Defendants-Appellants intend to take against servicemembers despite the recission of the vaccine mandate and can submit them upon request from the Court.

[6] Mongilio, *supra* n.4.

*U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534
Appellees' Supplemental Letter Brief
Page 5

of Defense to repeal the military's COVID-19 vaccine mandate and continue to defend their actions.[7]

Both the Supreme Court and this Court hold that a case is not mooted if, as here, the challenged conduct continues after the repeal of an unconstitutional policy. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 662 (1993) ("There is no mere risk that [Defendant] will repeat its allegedly wrongful conduct; it has already done so."); *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 286 (5th Cir. 2012) (holding a case was not moot where a defendant "doubled down" on its challenged action after repealing a policy). Because Defendants will clearly continue their discrimination against Plaintiffs and their religious beliefs, a live controversy still exists in this case, and Plaintiffs still require injunctive relief to prevent ongoing violations of RFRA and the First Amendment.

## II.   Voluntary Cessation of the Mandate Does Not Deprive the Court of Its Power to Determine Its Legality.

Even if Defendants had stopped their unlawful conduct, the case would still not be moot. Courts have long recognized that defendants cannot automatically moot a case simply by ending their unlawful conduct once sued. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). "[I]f it did, the courts would be compelled to leave [t]he defendant[s] . . . free to return to [their] old ways." *Id.* Thus, in general, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice, even in cases in which injunctive relief is sought." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 328 (5th Cir. 2020), *as revised* (Oct. 30, 2020) (cleaned up). Defendants claiming their "voluntary compliance moots a case bear[] the formidable burden of showing that it is *absolutely* clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000) (emphasis added).

Defendants cannot satisfy this "formidable burden." *Id.* First, Defendants did not want to rescind the mandate, nor did the President. They only did so because Congress ordered them to do so through the annual congressional funding bill for the Armed Services. But for Congress's directive, Defendants would still be enforcing the mandate with full force, so Defendants' rescission is less "voluntary" than is usual in cases where the government ceases challenged conduct without a court order.

---

[7] Dan Lamothe, Alex Horton and Karoun Demirjian, *Rollback of covid vaccine mandate met with furor at Pentagon,* The Washington Post (Dec. 7, 2022), https://www.washingtonpost.com/national-security/2022/12/07/covid-vaccine-mandate-pentagon/.

Second, Defendants apparently do not intend to remedy their sham religious accommodation process that resulted in the denial of every religious accommodation request related to the vaccine mandate. Even before the COVID-19 vaccination mandate, the Navy had granted zero religious accommodation requests to vaccine requirements in seven years. *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336, 347 (5th Cir. 2022). Defendants have made clear that they intend to continue considering vaccination status "in making deployment, assignment, and other operational decisions." Memorandum at 2. Yet Defendants have also made clear that they will not even consider Plaintiffs' requests for religious accommodation despite this continued presence of a de facto mandate. Memorandum at 1. And as Defendants admitted in a similar case involving the Air Force in the Sixth Circuit, they believe they have no obligation to comply with RFRA unless they are sued. [8] Thus, it is obvious that Defendants will continue their discrimination against Plaintiffs-Appellees via a de facto mandate that treats them as second-class citizens and prevents them from doing their jobs or advancing in their military careers. The wrongful conduct alleged in this suit is thus reasonably likely to continue or recur.

The fact that Defendants-Appellants are government actors does not change the doctrine's application. *See, e.g., Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007) (finding voluntary cessation doctrine applied because although public school district suspended the offending policy, it vigorously defended the constitutionality of its race-based program, and did not deny that if the litigation was resolved in its favor it would resume using race to assign students); *Tucker v. Gaddis*, 40 F.4th 289, 293 (5th Cir. 2022) (holding a prison's changed policy did not moot a case where the prison gave no assurances that it would not repeat the challenged conduct). And even if this Court applies the more relaxed standard it sometimes uses when the defendant is a government actor and gives Defendants "some solicitude," *Speech First*, 979 F.3d at 328 (citation omitted), the result is the same. This Court considers three factors when applying its more relaxed standard: "(1) the absence of a controlling statement of future intention [not to repeat the challenged policy]; (2) the suspicious timing of the change; and (3) the [governmental entity's] continued defense of the challenged polic[y]" after the supposedly mooting event. *Speech First*, 979 F.3d at 328.

These factors are easily satisfied here. Defendants do not state that they will not continue to discriminate against class members based on their religious beliefs, and their actions demonstrate an intent to do just the opposite. Also, similar to *Speech First*, the timing is suspicious because the policy change occurred not only after a loss in the district court, but also a denial of

---

[8] During oral argument, the Court asked, "Is it the Executive Branch's position that you don't have to worry about RFRA until somebody sues?" Defendant's counsel responded, "More or less, yes. RFRA itself is not a record review statute and does not require the government to take any particular process." Oral Argument at 18:38-18:55, *Doster v. Kendall*, No. 22-3497 (6th Cir. Jul. 25, 2022).

*U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534
Appellees' Supplemental Letter Brief
Page 7

stay by this Court and a loss in the Sixth Circuit. *See id.* at 329. Classes have also been certified for other branches of the military and have obtained classwide preliminary injunctive relief. *See Colonel Financial Mgmt. Officer v. Austin*, No. 8:22-cv-1275-SDM-TGW (M.D. Fla. Aug. 18, 2022) (Marine Corps); *Doster v. Kendall*, No. 1:22-CV-84, 2022 WL 2974733 (S.D. Ohio July 27, 2022) (Air Force). And the Department of Defense Acting Inspector General sent a memorandum to the Secretary noting apparent legal deficiencies with the review and consideration of religious accommodation requests relating to the COVID-19 vaccine. *See* Appellees' Rule 28(j) Letter, Sept. 13, 2022. Finally, Defendants-Appellants continue to defend the repealed policy and have publicly stated that the vaccine mandate was a lawful order. Even under a relaxed standard, Plaintiffs' claims are not moot.

### III. Defendants' Conduct Is Capable of Repetition Yet Evades Review.

Even if no further harm to Plaintiffs could occur, because the mandate was issued in the context of the COVID-19 pandemic, and because the FY23 NDAA does not prohibit new mandates, Defendants' challenged conduct is capable of repetition yet evading review. *Fed. Election Comm'n v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). To fall within this exception to the mootness doctrine, Plaintiffs must show "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Cath. Leadership Coal. of Texas v. Reisman*, 764 F.3d 409, 422 (5th Cir. 2014). Here, because the vaccine mandate was rescinded during the pendency of this lawsuit, the first element is satisfied. When analyzing the second element, courts are concerned with whether the conduct was "*capable* of repetition and not . . . whether the claimant had demonstrated that a reoccurrence of the dispute was more probable than not." *Honig v. Doe*, 484 U.S. 305, 318 n. 6 (1988). Plaintiffs need not demonstrate with "mathematical precision" that they will be subject to the same illegal conduct; rather, they just need to show "a reasonable expectation" that the challenged action will reoccur. *Id.*

In *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020), the Supreme Court held that a church's First Amendment challenge to New York's COVID-19 lockdown orders was not moot because it was capable of repetition, yet evading review. The church "remain[ed] under a constant threat" that the government would reinstitute a lockdown in its area. *Id.* at 68. Because the challenged action was too short in duration to be fully litigated prior to cessation, and there was a reasonable expectation that the church would be subject to the same action in the future, the case was not moot. *Id.*

*U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534
Appellees' Supplemental Letter Brief
Page 8

      As discussed above, Plaintiffs have a reasonable expectation that the challenged action—application of a vaccine requirement that violated their religious beliefs—will recur. Although the 2023 NDAA required the Secretary to rescind the mandate to be vaccinated against COVID-19, that was all it did. *See* FY23 NDAA § 525 ("Not later than 30 days after the date of the enactment of this Act, the Secretary of Defense shall rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021, regarding 'Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members.'"). As discussed above, Defendants intend to make decisions about Plaintiffs and their careers based on vaccination status regardless of their application for a religious accommodation. Memorandum at 2. Moreover, Defendants may issue a new mandate if they deem the risk of COVID-19 transmission too high, and it does not appear that the NDAA prohibits a new mandate. FY2023 § 525. Though President Biden signed the NDAA, the Administration made clear that it believes the rescission is a mistake: "'[W]hat we think happened here is Republicans in Congress have decided that they rather fight against the health and well-being of our troops than protecting them, and we believe that it is a mistake,' Jean-Pierre said."[9] And the Secretary himself still believes the mandate is necessary, despite all the evidence to the contrary.[10] If Defendants enforce a new mandate, Plaintiffs continue to maintain religious objections to vaccination. Thus, Plaintiffs' claims are thus capable of repetition, and could evade review if Congress again orders Defendants to rescind any new mandate with the 2024 NDAA. Thus, even if Plaintiffs were not still suffering harm requiring injunctive relief, the case is not moot.

---

[9] Mongilio, *supra* n. 4.
[10] *Id.*

*U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534
Appellees' Supplemental Letter Brief
Page 9

## Conclusion

For the foregoing reasons, this case is not moot, and the Court should proceed with its consideration of this appeal.

Respectfully submitted.

/s/Heather Gebelin Hacker

| | |
|---|---|
| Kelly J. Shackelford | Heather Gebelin Hacker |
| Jeffrey C. Mateer | Andrew B. Stephens |
| Hiram S. Sasser, III | HACKER STEPHENS LLP |
| David J. Hacker | 108 Wild Basin Road South |
| Michael D. Berry | Suite 250 |
| Justin Butterfield | Austin, Texas 78746 |
| Danielle A. Runyan | (512) 399-3022 (phone) |
| Holly M. Randall | heather@hackerstephens.com |
| FIRST LIBERTY INSTITUTE | |
| 2001 W. Plano Pkwy., Ste. 1600 | Jordan E. Pratt |
| Plano, Texas 75075 | FIRST LIBERTY INSTITUTE |
| Tel: (972) 941-4444 | 227 Pennsylvania Avenue S.E. |
| | Washington, D.C. 20003 |
| | (972) 941-4444 |

*Counsel for Plaintiffs-Appellees*