

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW, Room 7270
Washington, DC 20530

Tel: 202.514.1923

January 27, 2023

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, LA 70130

RE:     *U.S. Navy SEALs 1-26 v. Biden*, Nos. 22-10077, 22-10534 (5th Cir.)
         Oral Argument scheduled for February 6, 2023

Dear Mr. Cayce:

The government appealed two preliminary injunctions barring the Navy from applying its COVID-19 vaccination requirement to service members with a religious objection to that requirement. The first injunction applied to 35 pseudonymous members of the Naval Special Warfare community, and the second applied to a class of all Navy service members who had requested religious exemptions from the COVID-19 vaccination requirement. The consolidated appeals are scheduled for oral argument on February 6, 2023.

On January 10, 2023, at Congress's direction, the Secretary of Defense rescinded the military's COVID-19 vaccination requirement. Because plaintiffs and the class members are no longer subject to that requirement, their claims for relief are now moot, through no fault of the Navy or the Department of Defense. This Court should accordingly vacate the preliminary injunctions issued by the district court under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), as well as the order of a motions panel denying the government's request for a partial stay pending appeal in No. 22-10077 under 28 U.S.C. § 2106, *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022) (per curiam). The United States intends to seek dismissal of the entire case as moot in the district court for many of the same reasons that the preliminary injunctions are moot. Those arguments are best addressed in the first instance by the district court after this Court vacates the preliminary injunctions.

## A.   BACKGROUND

**1.** On August 24, 2021, the Secretary of Defense announced a COVID-19 vaccination requirement for military service members. *See* ROA.22-10077.1591-92. The Navy subsequently issued orders implementing that requirement. *See* ROA.22-10077.1662-63 (ALNAV 062/21, setting deadlines for vaccination); ROA.22-10077.1670-74 (NAVADMIN 225/21, providing procedures for disciplining and, if necessary, separating service members who refuse vaccination without an exemption); ROA.22-10077.1676-83 (NAVADMIN 256/21, providing for "temporary reassignment[]" of unvaccinated service members); ROA.22-10077.1685-86 (Trident Order #12, implementing the requirement for Special Warfare personnel); *see also* ROA.22-10077.1816 (MANMED § 15-105(4)(n)(9), a general Navy policy, providing that Naval Special Warfare service members who "refus[e] to receive recommended vaccines … based solely on personal or religious beliefs are disqualified" from Special Operations duty assignments).

**2.** Thirty-five service members in the Naval Special Warfare community filed this lawsuit in November 2021, alleging that the vaccination requirement and the Navy's policies implementing that requirement violated the Religious Freedom Restoration Act (RFRA), the First Amendment, and the Administrative Procedure Act. ROA.22-10077.48-67. On January 3, 2022, the district court granted a preliminary injunction barring the Navy from "applying MANMED § 15-105([4])(n)(9); NAVADMIN 225/21; Trident Order #12; and NAVADMIN 256/21 to Plaintiffs," as well as from "taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation." ROA.22-10077.2419. The Navy appealed and sought a partial stay of the injunction insofar as it prevented the Navy from considering plaintiffs' vaccination status in making deployment, assignment, and operational decisions. Although the district court and this Court denied that relief, the Supreme Court granted the partial stay the government had requested. *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022).

On March 28, 2022, the district court certified a class of all Navy service members who had submitted religious-accommodation requests and granted a class-wide preliminary injunction barring the Navy "from applying MANMED § 15-105([4])(n)(9); NAVADMIN 225/21; Trident Order #12; and NAVADMIN 256/21" to the class members. ROA.22-10077.4155. The district court immediately stayed its own injunction "insofar as it precludes the Navy from considering [class members'] vaccination status in making deployment, assignment, and other operational decisions." ROA.22-10077.4155 (quoting *U.S. Navy SEALs 1-26*, 142 S. Ct. at 1301). The government again appealed, and this Court consolidated the two appeals. The Court has calendared the appeals for oral argument on February 6.

**3.** On December 23, 2022, the President signed into law the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (NDAA), Pub. L. No. 117-263, 136 Stat. 2395 (2022). Over the objection of the Department of Defense, the NDAA directed the Secretary of Defense to rescind the requirement "that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021." *Id.* § 525, 136 Stat. at 2571-72. On December 27, the government filed a motion to hold these appeals in abeyance and remove them from the oral argument calendar in light of the new legislation. On January 3, 2023, this Court ordered that motion be carried "with the case," and on January 4, the Court directed the parties to submit letter briefs "addressing mootness."

On January 10, 2023, the Secretary of Defense rescinded the military's COVID-19 vaccination requirement pursuant to the NDAA. *See* Ex. A (Rescission Memorandum). The Rescission Memorandum provides that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious, administrative, or medical grounds." *Id.* at 1. It further provides that the "Military Departments will update the records of such individuals to remove any adverse actions solely associated with denials of such requests." *Id.* Individual commanders may, however, "consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation." *Id.* at 2.

On January 11, the Navy issued implementing guidance "[c]ancel[ing]" the service's implementation of the August 2021 vaccination requirement. *See* Ex. B (NAVADMIN 005/23, "suspend[ing]," among other policies, NAVADMIN 225/21 and NAVADMIN 256/21). The Navy directed commands to "immediately discontinue administrative separation processing of Navy Service Members solely for refusing the COVID-19 vaccine, including those with approved separation letters," and to "immediately suspend any new adverse administrative actions associated with refusing the COVID-19 vaccine." *Id.* And on January 20, the Secretary of the Navy ordered the Navy to "cease any ongoing reviews of current Service Members' religious, administrative, or medical accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials of such requests," and he clarified that "[n]o currently serving Sailor … shall be separated solely on the basis of their failure to receive the COVID-19 vaccination if they sought an accommodation on

religious, administrative, or medical grounds." Ex. C (ALNAV 009/23, "cancel[ing]" ALNAV 062/21).[1]

## B.    DISCUSSION

Pursuant to a congressional directive, the Secretary has rescinded the military's COVID-19 vaccination requirement, *see* Ex. A, and the Navy has rescinded all of the orders the district court had enjoined it from implementing against plaintiffs. Plaintiffs' claims for religious exemptions from the vaccination requirement and the underlying Navy directives implementing that requirement are therefore moot. No service member can be separated or disciplined for failure to comply with the military's August 2021 vaccination requirement because that requirement no longer exists. And because the military no longer has a COVID-19 vaccination requirement to enjoin, the district court's preliminary injunction prohibiting the Navy from enforcing that requirement and specific Navy orders against plaintiffs no longer has any effect. Because plaintiffs' claims are therefore moot, this Court should vacate the orders granting the preliminary injunctions pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). And in light of the fact that the Supreme Court disagreed with the motions panel's view that no partial stay was warranted, it may be appropriate for the Court to vacate that panel's stay decision, *see U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022) (per curiam); 28 U.S.C. § 2106. Whether the case as a whole is moot is best considered by the district court in the first instance.

**1.**  The mootness doctrine "ensures federal courts are only deciding live cases or controversies." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). Because a challenge is moot when the court cannot grant effectual relief to the prevailing party, "a case challenging a [government policy] usually becomes moot if the challenged [policy] has expired or been repealed." *Id.* After all, "[o]nce the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id.* In short, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quotation marks omitted).

---

[1]    The Commander of the Naval Special Warfare community had already rescinded Trident Order #12 on May 23, 2022. *See* Ex. D.

Consistent with these principles, this Court routinely vacates injunctions that prohibit enforcing a policy that has changed or been eliminated during the litigation. In *Amawi v. Paxton*, for example, the plaintiffs challenged a Texas law that required state entities to include a "No Boycott of Israel" clause in their contracts with private companies. 956 F.3d 816 (5th Cir. 2020). The district court entered a preliminary injunction, prohibiting Texas from requiring its contracts to include that clause, but shortly thereafter, Texas amended the law to exclude certain businesses that included the plaintiffs. *Id.* at 820. This Court held that the appeal was moot because the amended law "provided the plaintiffs the very relief their lawsuit sought"; and even assuming the law was unconstitutional, "the defendants can do nothing more to ameliorate [the plaintiffs'] claimed injury." *Id.* at 821. The Court accordingly vacated the preliminary injunction and remanded with instructions to dismiss. *Id.* at 822; *see also Spell*, 962 F.3d at 178-80 (vacating order denying preliminary injunction in case concerning COVID-19 stay-at-home orders that had since expired); *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011) (vacating district court's ruling on challenged prison policy's legality because policy had been rescinded during the litigation); *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166-68 (9th Cir. 2011) (per curiam) (holding that a challenge to the military's don't-ask-don't-tell policy was moot because the policy was repealed by statute and vacating the district court's judgment).

The Court should follow that ordinary practice here. The preliminary injunctions here were premised on the district court's conclusion that applying the military's COVID-19 vaccination requirement to plaintiffs would likely violate RFRA and the First Amendment. But the COVID-19 vaccination requirement no longer exists, and there is accordingly no longer a live dispute about whether plaintiffs are entitled to religious exemptions from it. The Navy has also expressly withdrawn NAVADMIN 225/21, Trident Order #12, and NAVADMIN 256/21, the policies implementing the COVID-19 vaccination requirement that the district court enjoined. *See supra* p. 3. Although the other provision whose application the district court preliminarily enjoined—MANMED § 15-105(4)(n)(9)—continues to exist, it no longer applies to vaccination against COVID-19. ROA.22-10077.1816. There is accordingly no live dispute regarding MANMED § 15-105(4)(n)(9) in these appeals. The preliminary injunctions therefore no longer provide plaintiffs with "any effectual relief." *Spell*, 962 F.3d at 179 (quoting *Knox v. Service Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)).

The district court's injunction prohibiting "adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation," ROA.22-10077.2419, likewise presents no live dispute. Plaintiffs face no forward-looking threat of adverse action for noncompliance with the rescinded vaccination requirement. As for past adverse actions, the Rescission Memorandum expressly directs the military Services to

"remove any adverse actions solely associated with denials of [requests for accommodation on religious, administrative, or medical grounds], including letters of reprimand." Ex. A at 1. Accordingly, no service member will be subject to any adverse action because he failed to comply with the August 2021 vaccination requirement. In any event, the Navy took no adverse action against the named plaintiffs. As the district court acknowledged when it entered the first preliminary injunction, the Navy had not yet fully adjudicated any of the named plaintiffs' religious exemption requests, ROA.22-10077.2397 ("The Navy has made no final determinations on appeal."); *see* ROA.22-10077.4147 (same), and the Navy could not have taken any adverse action against the plaintiffs while those requests were pending, *see* ROA.22-10077.1662, 1671, 1881, 1893, 1897; *see also* NAVADMIN 083/22, https://perma.cc/YL6U-UELQ (Navy policy immediately implementing the district court's class-wide preliminary injunction, "suspend[ing] separation processing and adverse administrative consequences of COVID-19 vaccine refusal for Navy service members who submitted requests for religious accommodation from the COVID-19 vaccine requirement").

Because the issues presented in these consolidated appeals are moot, the Court should vacate the January 3 and March 28, 2022, preliminary injunctions. *See, e.g.*, *Amawi*, 956 F.3d at 822; *Spell*, 962 F.3d at 178-80; *DeMoss*, 636 F.3d at 151. The Court may similarly find it appropriate to vacate the motions panel's decision denying a partial stay pending appeal, particularly given that the Supreme Court expressly disagreed with that panel's view that no partial stay was warranted, *U.S. Navy SEALs 1-26*, 142 S. Ct. at 1301, ROA.22-10077.4049-77; *see, e.g.*, *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 704 (5th Cir. 1997) ("[A] panel hearing the merits of an appeal may review a motions panel ruling, and overturn it where necessary." (citing *United States v. Bear Marine Servs.*, 696 F.2d 1117, 1119-20 (5th Cir. 1983)); 28 U.S.C. § 2106 (A court of appeals "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review.").

**2.** The Rescission Memorandum states that, consistent with "standing Departmental policies, procedures, and processes regarding immunizations," military commanders remain free "to consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation." Ex. A at 2. Accordingly, if plaintiffs continue to decline vaccination against COVID-19, that choice might affect the military's "deployment, assignment, and other operational decisions" concerning them on an individualized basis. But any such consequence does not flow from plaintiffs' noncompliance with the now-rescinded vaccination requirement, nor would any such consequences be "susceptible to judicial correction" in light of well-established principles of judicial noninterference with core

military decision making, *Pulphus v. Ayers*, 909 F.3d 1148, 1154 (D.C. Cir. 2018); *see U.S. Navy SEALs 1-26*, 142 S. Ct. at 1301 (partial stay order); *id.* at 1302 (Kavanaugh, J., concurring) (explaining that "the 'complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments'" and that "it is 'difficult to conceive of an area of governmental activity in which the courts have less competence'" (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973))); *Orloff v. Willoughby*, 345 U.S. 83, 93 (1953); Appellants' Reply Br. 7-10.

Furthermore, any hypothetical future dispute about a service member's assignments could not be resolved in these appeals. If an individual service member's vaccination status were to affect future deployment or assignment decisions, the contours of any challenge under RFRA or the First Amendment to those military decisions would depend on particularized facts and circumstances that are currently unknown and cannot be addressed in the abstract here. Any such claim would need to be assessed based on the facts and circumstances of the particular service member's specific religious-liberty claim, given the legally required narrow tailoring. *Cf. Brown v. Collier*, 929 F.3d 218, 230 (5th Cir. 2019) (requiring "case-by-case" adjudication of religious-liberty claims). Any such questions, should they ever actually arise, are plainly not ripe for this Court's review. *See, e.g.*, *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732-33 (1998) (explaining that the "ripeness requirement" serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies" and to prevent unnecessary "judicial interference" (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967))); *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 241 (1937) (providing that a justiciable dispute must "admit[] of specific relief through a decree of a conclusive character" and may not ask a court to "advis[e] what the law would be upon a hypothetical state of facts"). Hypothetical disputes about the extent to which a specific service member's decision to remain unvaccinated might or might not affect an assignment or deployment cannot resuscitate the moot controversy here.

**3.** No exception to mootness applies here. The exception for injuries capable of repetition but evading review applies only where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (brackets and quotation marks omitted). Plaintiffs cannot carry their burden to satisfy either requirement. *See, e.g.*, *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020). If the military were to subject plaintiffs to a new vaccination requirement, there would be no likely impediment to resolving a challenge to that requirement before its "cessation or expiration." *Spencer*, 523 U.S. at 17. And there is no "reasonable expectation" that any

such requirement would be "the same" as the one that has now been rescinded. *Id.* If the military or one of the Service branches were to impose a different vaccination requirement, then any RFRA or First Amendment challenge to discipline for noncompliance with such a requirement would raise different issues than this case does and would need to be assessed based on the details and justification of that requirement, as well as any efforts to accommodate a particular service member's religious beliefs. *See, e.g.*, *Resurrection School v. Hertel*, 35 F.4th 524, 529-30 (6th Cir. 2022) (en banc); *PETA v. Gitten*, 396 F.3d 416, 421-24 (D.C. Cir. 2005). In that circumstance, even if plaintiffs themselves were subject to the new requirement—which is itself entirely speculative—the parties would not be litigating the same issues that are currently presented in these appeals.

The voluntary-cessation exception to mootness is equally inapplicable. Congress mandated that the Secretary rescind the military's COVID-19 vaccination requirement. *See Hall v. Louisiana*, 884 F.3d 546, 553 (5th Cir. 2018) (explaining that an appeal "was mooted by actions of the Louisiana legislature, which [was] not a party to th[e] suit"). Absent contrary evidence, this Court "assume[s] that formally announced changes to official government[] policy are not mere litigation posturing." *Yarls*, 905 F.3d at 911 (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009)); *see also Amawi*, 956 F.3d at 821 ("The very process of [enacting the new legislation] by the state legislature and governor, combined with the presumption of good faith that we afford government actors, overcomes concerns of voluntary cessation."). That assumption is particularly apt here, where the Department of Defense opposed the congressional action before ultimately implementing it as required.

The disputes presented in these appeals are therefore moot. The Court should vacate the preliminary injunctions and the motions panel's opinion. The United States also intends to seek dismissal of the entire case as moot in the district court.

Sincerely,

*/s/ Casen B. Ross*
Casen B. Ross
Counsel for the United States

cc:    Counsel of Record (via CM/ECF)

# Ex. A



SECRETARY OF DEFENSE
1000 DEFENSE PENTAGON
WASHINGTON, DC 20301-1000

**JAN 1 0 2023**

MEMORANDUM FOR SENIOR PENTAGON LEADERSHIP
                      COMMANDERS OF THE COMBATANT COMMANDS
                      DEFENSE AGENCY AND DOD FIELD ACTIVITY DIRECTORS

SUBJECT:  Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019
                 Vaccination Requirements for Members of the Armed Forces

       I am deeply proud of the Department's work to combat the coronavirus disease 2019
(COVID-19). Through your leadership, we have improved the health of our Service members
and the readiness of the Force, and we have provided life-saving assistance to the American
people and surged support to local health care systems and agencies at all levels of government.
The Department has helped ensure the vaccination of many Americans, while simultaneously
providing critical and timely acquisition support for life-saving therapeutics, tests, and treatments
for COVID-19. We have demonstrated the ability to support and defend the Nation under the
most trying of circumstances.

       The Department will continue to promote and encourage COVID-19 vaccination for all
Service members. The Department has made COVID-19 vaccination as easy and convenient as
possible, resulting in vaccines administered to over two million Service members and 96 percent
of the Force — Active and Reserve — being fully vaccinated. Vaccination enhances operational
readiness and protects the Force. All commanders have the responsibility and authority to
preserve the Department's compelling interests in mission accomplishment. This responsibility
and authority includes the ability to maintain military readiness, unit cohesion, good order and
discipline, and the health and safety of a resilient Joint Force.

       On December 23, 2022 the James M. Inhofe National Defense Authorization Act
(NDAA) for Fiscal Year (FY) 2023 was enacted. Section 525 of the NDAA for FY 2023
requires me to rescind the mandate that members of the Armed Forces be vaccinated against
COVID-19, issued in my August 24, 2021 memorandum, "Mandatory Coronavirus Disease 2019
Vaccination of Department of Defense Service Members." I hereby rescind that memorandum.
I also hereby rescind my November 30, 2021 memorandum, "Coronavirus Disease 2019
Vaccination for Members of the National Guard and the Ready Reserve."

       No individuals currently serving in the Armed Forces shall be separated solely on the
basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on
religious, administrative, or medical grounds. The Military Departments will update the records
of such individuals to remove any adverse actions solely associated with denials of such
requests, including letters of reprimand. The Secretaries of the Military Departments will further
cease any ongoing reviews of current Service member religious, administrative, or medical
accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials
of such requests.

Religious liberty is a foundational principle of enduring importance in America, enshrined in our Constitution and other sources of Federal law. Service members have the right to observe the tenets of their religion or to observe no religion at all, as provided in applicable Federal law and Departmental policy. Components shall continue to apply the uniform standards set forth in DoD Instruction 1300.17, "Religious Liberty in the Military Services."

Other standing Departmental policies, procedures, and processes regarding immunizations remain in effect. These include the ability of commanders to consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation.

For Service members administratively discharged on the sole basis that the Service member failed to obey a lawful order to receive a vaccine for COVID-19, the Department is precluded by law from awarding any characterization less than a general (under honorable conditions) discharge. Former Service members may petition their Military Department's Discharge Review Boards and Boards for Correction of Military or Naval Records to individually request a correction to their personnel records, including records regarding the characterization of their discharge.

The Under Secretary of Defense for Personnel and Readiness shall issue additional guidance to ensure uniform implementation of this memorandum, as appropriate.

The Department's COVID-19 vaccination efforts will leave a lasting legacy in the many lives we saved, the world-class Force we have been able to field, and the high level of readiness we have maintained, amidst difficult public health conditions. Our efforts were possible due, first and foremost, to the strength and dedication of our people. I remain profoundly greatful to the men and women of the Department of Defense for their efforts to protect our Force, the Department of Defense community, and to aid the American people.

# Ex. B

```
CLASSIFICATION: UNCLASSIFIED//
ROUTINE
R 112139Z JAN 23 MID600052628036U
FM CNO WASHINGTON DC
TO NAVADMIN
INFO CNO WASHINGTON DC
BT
UNCLAS

NAVADMIN 005/23

PASS TO OFFICE CODES:
FM CNO WASHINGTON DC//N1//
INFO CNO WASHINGTON DC//N1//
MSGID/GENADMIN/CNO WASHINGTON DC/N1/JAN//

SUBJ/REMOVAL OF COVID-19 VACCINATION MANDATE//

REF/A/DOC/NDAA-FY23/HR 7900//
REF/B/DOC/SECDEF/10JAN23//
REF/C/MSG/CNO WASHINGTON DC/311913ZAUG21//
REF/D/MSG/CNO WASHINGTON DC/132050ZOCT21//
REF/E/MSG/CNO WASHINGTON DC/152239ZNOV21//
REF/F/MSG/CNO WASHINGTON DC/151203ZDEC21//
REF/G/MSG/CNO WASHINGTON DC/302215ZMAR22//

NARR/REF A IS THE NATIONAL DEFENSE AUTHORIZATION ACT FOR FY-23.
REF B IS SECDEF MEMO TITLED RESCISSION OF COVID-19 VACCINATION REQUIREMENT
FOR MEMBERS OF THE ARMED FORCES.
REF C IS NAVADMIN 190/21, 2021-2022 NAVY MANDATORY COVID-19 VACCINATION AND
REPORTING POLICY.
REF D IS NAVADMIN 225/21, COVID-19 CONSOLIDATED DISPOSITION AUTHORITY (CCDA).
REF E IS NAVADMIN 256/21, CCDA GUIDANCE TO COMMANDERS.
REF F IS NAVADMIN 283/21, CCDA EXECUTION GUIDANCE TO COMMANDERS.
REF G NAVADMIN 083/22, CCDA INTERIM GUIDANCE REGARDING MEMBERS REQUESTING
RELIGIOUS ACCOMMODATION FROM COVID-19 VACCINATION REQUIREMENTS.

RMKS/1.  On 23 December 2022, reference (a) directed the Secretary of Defense
(SecDef) to rescind the coronavirus disease 2019 (COVID-19) vaccination
mandate within 30 days.  On 10 January 2023, SecDef rescinded the mandate for
all branches of the armed forces in line with reference (b).  The actions
below align the Navy with this guidance.
a.  Cancel reference (c).
b.  All commands will immediately discontinue administrative separation
processing of Navy Service Members solely for refusing the COVID-19 vaccine,
including those with approved separation letters.
c.  All commands will immediately suspend any new adverse administrative
actions associated with refusing the COVID-19 vaccine as described in
references (c) through (g).

2.  Updated operational guidance will be promulgated in a follow-on standard
operational guidance serial.

3.  Additional detailed guidance regarding implementation of this policy will
be promulgated via future NAVADMIN.

4.  Released by Vice Admiral Richard J. Cheeseman, Jr., N1.//
```

```
BT
#0001
NNNN
CLASSIFICATION: UNCLASSIFIED//
```

# Ex. C

```
CLASSIFICATION: UNCLASSIFIED//
ROUTINE
R 201839Z JAN 23 MID200080671031U
FM SECNAV WASHINGTON DC
TO ALNAV
INFO SECNAV WASHINGTON DC
CNO WASHINGTON DC
CMC WASHINGTON DC
BT
UNCLAS

ALNAV 009/23

MSGID/GENADMIN/SECNAV WASHINGTON DC/-/JAN//

SUBJ/RESCISSION OF COVID-19 VACCINATION REQUIREMENT FOR MEMBERS OF THE ARMED
FORCES//

REF/A/DOC/SECDEF/10JAN23//
REF/B/DOC/ALNAV 062/21//

NARR/REF A IS SECDEF MEMO RESCISSION OF AUGUST 24, 2021 AND NOVEMBER 30, 2021
CORONAVIRUS DISEASE 2019 VACCINATION REQUIREMENTS FOR MEMBERS OF THE ARMED
FORCES.  REF B IS ALNAV 062/21 2021-2022 DEPARTMENT OF NAVY MANDATORY COVID-
19
VACCINATION POLICY OF 30 AUG 21//

RMKS/1.  Per reference (a), this message announces the rescission of the
Coronavirus Disease 2019 (COVID-19) vaccination requirement for members of
the Armed Forces.  As a result, reference (b) is hereby canceled.

2.  COVID-19 vaccines have proven to be safe, effective, and life-saving.  I
am confident that our high vaccination percentage across the Department of
the Navy (DON) has both saved lives, and prevented hospitalizations across
our entire force.

3.  The Navy and Marine Corps are inherently expeditionary forces in
readiness, and my expectation continues to be that all Sailors and Marines be
worldwide deployable.  To defend the nation, we need a healthy and ready
force, this means a Navy and Marine Corps that is ready to deploy.  Having
credible, capable forces requires the DON to minimize addressable risks –
contagious disease is a threat to our fighting forces.  We will continue to
consider medical readiness, of which vaccination plays a key role, in all
appropriate settings.  All commanders have the responsibility and authority
to maintain military readiness, unit cohesion, good order and discipline, and
the health and safety of their commands.

4.  Because reference (b) is now canceled, the Services shall cease any
ongoing reviews of current Service Members' religious, administrative, or
medical accommodation requests solely for exemption from the COVID-19 vaccine
or appeals of denials of such requests.  No currently serving Sailor or
Marine shall be separated solely on the basis of their failure to receive the
COVID-19 vaccination if they sought an accommodation on religious,
administrative, or medical grounds.

5.  We will continue to promote and encourage the COVID-19 vaccination for
everyone.  As with all of our vaccinations, healthcare providers will
continue to medically screen for contraindications.  I thank you for your
selfless devotion to your colleagues, military and civilian, throughout this
pandemic.

6.  Released by the Honorable Carlos Del Toro, Secretary of the Navy.//

BT
```

#0001
NNNN
CLASSIFICATION: UNCLASSIFIED//

# Ex. D

# NSWC CLOSEOUT TO TRIDENT ORDER #12 - MANDATORY VACCINATION FOR

**Originator:** COMNAVSPECWARCOM CORONADO CA
    **TOR:** 05/23/2022 19:46:33
    **DTG:** 231943Z May 22
    **Prec:** Routine
    **DAC:** General
     **To:** AIG 11370
    **CC:** COMNAVSPECWARCOM CORONADO CA

```
RAAUZYUW RUIEAAA3871 1431945-UUUU--RUIEAAA.
ZNR UUUUU ZDH ZUI RUEOMCI0351 1431946
R 231943Z MAY 22
FM COMNAVSPECWARCOM CORONADO CA
TO AIG 11370
INFO RUIEAAA/COMNAVSPECWARCOM CORONADO CA
BT
UNCLAS
SUBJ/NSWC CLOSEOUT TO TRIDENT ORDER #12 - MANDATORY VACCINATION FOR
COVID-19
REF/A/MSG/TRIDENT ORDER #12 - MANDATORY VACCINATION FOR COVID-
19/241857Z SEP 21
REF/B/NAVADMIN/CNO WASHINGTON DC/302215Z MAR 22//
REF/C/UNDERSECRETARY OF DEFENSE FOR PERSONNEL AND READINESS MEMO,
CONSOLIDATED DEPARTMENT OF DEFENSE CORONAVIRUS DISEASE 2019 FORCE
HEALTH PROTECTION GUIDANCE, DATED 4 APR 22//
REF/D/NAVADMIN/CNO WASHINGTON DC/
REF/E/SECRETARY OF THE NAVY MEMO, IMPLEMENTATION OF CONSOLIDATED
DEPARTMENT OF DEFENSE CORONAVIRUS DISEASE 2019 FORCE HEALTH
PROTECTION
GUIDANCE, DATED 29 APR 22//

NARR/(U) REF A IS TRIDENT ORDER #12 ON COVID-19 VACCINATIONS//
REF B IS CNO GUIDANCE ON RELIGIOUS ACCOMMODATIONS FOR COVID-19
VACCINE//
REF C IS USD MEMO ON COVID-19 GUIDANCE//
REF D IS US NAVY COVID-19 STANDARDIZED OPERATIONAL GUIDANCE 6.0//
REF E IS SECNAV MEMO ON COVID-19 GUIDANCE//

(U) THIS ORDER RESCINDS REFERENCE A.//

1. (U) COMNAVSPECWARCOM AND SUBORDINATE COMMANDS EXECUTED MANDATORY
COVID-19 VACCINATIONS IAW PRIOR DEFENSE (DOD), DEPARTMENT OF THE NAVY
(DON), AND UNITED STATES SPECIAL OPERATIONS COMMAND (USSOCOM)
GUIDANCE
IAW REFERENCE A.//

2. (U) COMNAVSPECWARCOM AND SUBORDINATE COMMANDS WILL CONTINUE TO
FOLLOW HIGHER GUIDANCE, AS APPROPRIATE, REGARDING COVID-19
VACCINATION, ACCOMMODATION REQUESTS, AND MITIGATION MEASURES, TO
INCLUDE REFERENCES B THROUGH E.//

3. (U) GIVEN THE SUCCESSFUL EXECUTION OF REFERENCE A AND TO ENSURE
ALIGNMENT WITH THE LATEST HIGHER HEADQUARTERS GUIDANCE REGARDING
COVID-19, THIS ORDER RESCINDS REFERENCE A. COMNAVSPECWARCOM AND
SUBORDINATE COMMANDS WILL CONTINUE TO DEFER TO DOD, DON, AND USSOCOM
```

# UNCLAS

GUIDANCE FOR COVID-19 VACCINATION, ACCOMMODATION REQUESTS, AND
MITIGATION MEASURES.//

4. (U) THE LATEST DOD FHP GUIDANCE CAN BE ACCESSED THROUGH URL:
HTTPS://WWW.DEFENSE.GOV/SPOTLIGHTS/CORONAVIRUS-DOD-RESPONSE/LATEST-
DOD-GUIDANCE//

5. (U) ADMIN AND LOGISTICS/DIRECT NSW COVID-19 QUESTIONS AS
FOLLOWS.//
5.A. (U) FHP MEASURES TO NSW FORCE MEDICAL DEPARTMENT:
NSW-FORMEDSTAFF@SOCOM.MIL OR BY PHONE 619-537-1164/1165/1166//
AKNLDG/NO//

BT
#3871
D899



NNNN
Received from AUTODIN 231946Z May 22

# UNCLAS