# HACKERSTEPHENS LLP

HEATHER GEBELIN HACKER  
Partner

(512) 399-3022  
Heather@HackerStephens.com

January 31, 2023

Lyle W. Cayce, Clerk  
United States Court of Appeals for the Fifth Circuit  
600 S. Maestri Place  
New Orleans, LA 70130-3408

**Via ECF**

Re: *U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534

Dear Mr. Cayce,

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees submit additional new authority. In December, the D.C. Circuit decided *Singh v. Berger*, 56 F.4th 88 (D.C. Cir. 2022), which reversed the denial of a preliminary injunction to Sikhs who brought RFRA claims challenging the Marines' grooming policy for new recruits.

The district court largely deferred to the Marines and found that "the Government 'credibly alleged' that granting the preliminary injunction would 'pose a serious threat to national security' by disrupting training methods." *Id.* at 95. But the D.C. Circuit rejected such leniency. *Singh* cites this Court's stay opinion for the proposition that RFRA clearly applies to the military. *Id.* at 92-93 (citing *United States Navy Seals 1–26 v. Biden*, 27 F.4th 336, 346 (5th Cir. 2022)). It also discusses Congressional action underscoring that the military must respect sincerely held religious beliefs as required by RFRA. "By subjecting military decisions to RFRA scrutiny, the Political Branches determined, in their expert judgment, that Americans need not surrender their faith to fight for their Nation absent demonstrated necessity." *Id.* at 93.

*Singh* conducted a searching inquiry as to whether the grooming policy met RFRA's "exceptionally demanding" standard. *Id.* at 93. It did not defer blindly to testimony from a colonel who asserted that allowing religious exceptions would present a risk to "national security." *Id.* at 94; *cf.* Appellees' Br. 39-41. Relevant here, the fact that

*U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534
Page 2

the Marines permitted medical exceptions but not religious exceptions weighed significantly against finding a compelling government interest that satisfies RFRA. *Id.* at 99-100; *cf.* Appellees' Br. 3 n.6, 39, 55, 58. As the D.C. Circuit stated, "[o]f course, the reason for exemption would differ between medically exempt and religiously exempt recruits. But that is RFRA's point: Government must, if able, afford religious exercise equal stature with other interests that it accommodates." *Id.* at 100. Thus, the court concluded that the plaintiffs "not only have a substantial likelihood of success on the merits—it is difficult to imagine them losing." *Id.* at 97 (citation omitted).

        Respectfully submitted,

        <u>/s/Heather Gebelin Hacker</u>
        Heather Gebelin Hacker
        Counsel for Plaintiffs-Appellees

cc: All counsel of record via ECF