# HACKERSTEPHENS LLP

HEATHER GEBELIN HACKER
Partner

(512) 399-3022
Heather@HackerStephens.com

February 23, 2023

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

**Via ECF**

Re: *U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534

Dear Mr. Cayce,

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees submit this response to Defendants-Appellants' February 17 letter regarding the Navy's new guidance promulgated on February 15. This new guidance does not moot this appeal (or this case). Nothing in the FY 2023 NDAA requires the action taken by NAVADMIN 038/23, and the NDAA expressly leaves the door open for the Navy to continue discriminating against the class members. Thus, this change is clearly voluntary and litigation motivated, and as this Court has explained, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice, even in cases in which injunctive relief is sought." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 328 (5th Cir. 2020), *as revised* (Oct. 30, 2020) (cleaned up). A defendant claiming their "voluntary compliance moots a case bears the formidable burden of showing that it is *absolutely* clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) (emphasis added). Defendants cannot meet this "formidable" burden because there is nothing preventing the Navy from continuing its religious discrimination except for its own word. Nor does the new NAVADMIN speak to the sham process the Navy uses to evaluate requests for religious accommodation, nor does it rescind other guidance at issue except for NAVADMIN 234/22. For the same reasons, Defendants' appeals of the preliminary injunctions are not moot.

Finally, the Navy asks the Court to consider *its* new evidence but claims that Plaintiffs' new evidence in response demonstrating that injunctive relief is still

*U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 consolidated with 22-10534
Page 2

necessary is "not properly before this Court." If the Court considers the Navy's change in policy in determining whether Defendants' appeal is moot, it should also consider whether the facts on the ground show that the injunctive relief at issue is still needed. Because Plaintiffs are still experiencing discriminatory treatment yet have now had their religious accommodation requests completely dismissed or disregarded, there is still a need for injunctive relief.

Respectfully submitted.

/s/Heather Gebelin Hacker
Heather Gebelin Hacker
Counsel for Plaintiffs-Appellees

cc: All counsel of record via ECF